IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SMITH OLUSOLA AKIN,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 3:19-cv-02104-M-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Smith Olusola Akin's Motion for Return of Seized Property (ECF No. 4). For the reasons stated, the Motion should be DENIED.

**Background**

On May 21, 2015, the FBI arrested Plaintiff for suspected money laundering. Incident to that arrest, the FBI seized from Plaintiff: (1) $4,290.00 in cash (the "cash"); (2) a 2006 Infiniti M45 (the "car"); (3) Plaintiff's wallet, credit cards, United States and Nigerian passports, driver's license, travel documents, and tax returns as well as checkbooks issued to Idris J. Akinniy and $400.00 in Nigerian currency—roughly $1.10 U.S. dollars (the "personal items"); and (4) an HP printer/fax machine, an Epson printer/fax machine, and an Office Jet 4620 printer/fax machine (the "printers"). Resp. 5 (ECF No. 15). According to Plaintiff's "best recollection," the FBI also seized computers including an "Apple touch screen

1

monitor, Mac pro laptop, Ipad, [and] Ipod" (the "computers") and an "Office Bag (black folder)" and an "Office File (yellow big file containing info, e.g., ID, Birth Cert., Passports[)]" (the "office files"). Mot. 2.

Plaintiff pleaded guilty to conspiracy to commit money laundering on May 17, 2016, and he was sentenced on August 17, 2017. He is currently serving a 135-month sentence in federal prison, and his projected release date is in March 2025. On September 4, 2019, Plaintiff filed a motion in his closed criminal case under Federal Rule of Criminal Procedure 41(g) for the return of the property the Government seized from him. *See* Order (ECF No. 3); Mot. 1. The Court construed the motion as initiating a new civil action for the return of property and directed the Clerk's office to open this civil case. *Id.* The Government filed a response asking the Court to deny Plaintiff's request to return the seized property. Resp. 10. The Court afforded Plaintiff the opportunity to file a reply, but he did not do so. The Motion is now ripe for determination.

## Legal Standards and Analysis

"Rule 41(g) of the Federal Rules of Criminal Procedure permits '[a] person aggrieved . . . by the deprivation of property [to] move for the property's return.'" *Jacobo-Flores v. United States*, 2008 WL 4415146, at *2 (S.D. Tex. Sept. 24, 2008) (quoting Fed. R. Crim. P. 41(g)) (alterations in original). Such a motion "brought after the criminal proceeding is over is treated as a civil equitable action for return of property" and invokes "the Court's general equity jurisdiction under 28 U.S.C. § 1331." *Id.* (citing *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007)).

### I. Plaintiff is not entitled to return of the cash or the car because those items have been administratively forfeited.

"Relief under Rule 41(g) or in a 28 U.S.C. § 1331 action is unavailable if the litigant has an adequate remedy at law and will not suffer irreparable injury if relief is denied." *United States v. Torres*, 450 F. App'x 361, 362 (5th Cir. 2011) (per curiam). Thus, once the Government retains property pursuant to civil forfeiture, instead of for use as evidence, a Rule 41(g) motion for return of that property is not available. *Reagan v. United States*, 2012 WL 5586066, at *6 n.6 (N.D. Tex. Aug. 22, 2012) (citing *United States v. Artis*, 2006 WL 77177, at *1 (11th Cir. Mar. 27, 2006) (per curiam)), *rec. adopted*, 2012 WL 5818255 (N.D. Tex. Nov. 15, 2012). *See also Haberman v. United States*, 594 F. App'x 264, 264 (5th Cir. 2015) (per curiam) (finding Rule 41(g) motion unavailable where Plaintiff "could have taken a direct appeal from the supplemental preliminary order of forfeiture," because such was an adequate legal remedy) (citing *United States v. De Los Santos*, 260 F.3d 446, 448 (5th Cir. 2001)); *Torres*, 450 F. App'x at 362 ("Torres's property interest in the assets listed in the verdict were extinguished upon the entry of the preliminary order of forfeiture at the time of the criminal judgment.").

Plaintiff may not bring a Rule 41(g) motion for return of the cash or the car because they were both administratively forfeited. Following Plaintiff's arrest and the seizure of his assets, the FBI mailed Plaintiff notice of its intent to administratively forfeit the cash and the car as proceeds of a federal crime. The FBI sent notice both to Plaintiff's attorney, who acknowledged receipt of the

notice, and to Plaintiff's pretrial detention facility, which also acknowledged receipt of the notice. App. 024, 026, 028-29 (ECF No. 15-1). Notice was also posted on the www.forfeiture.gov website for at least 30 consecutive days. *Id.* at 044, 046. The FBI's forfeiture notice explained that, to contest the forfeiture, Plaintiff must file a written claim with the FBI within 35 days of the date of the notice, and it explained how Plaintiff must make such a claim. *Id.* at 008-11. Finally, the notice stated that Plaintiff would be barred from contesting the forfeiture in federal court unless he filed such a claim. *Id.* at 009. Plaintiff did not bring a claim. The FBI declared the car forfeited on September 13, 2017 and the cash forfeited on March 6, 2019. *Id.* at 038-39.

      Plaintiff contends he did not receive notice of the forfeiture proceedings because his counsel never advised him of any notice. Mot. 2. But actual notice of the forfeiture is not required as long as the notice was "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the [forfeiture]." *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (citation omitted). The Government afforded Plaintiff adequate notice by sending the forfeiture notice to his attorney. *Sandoval-Hernandez v. United States*, 2007 WL 707338, at *5 (N.D. Tex. Mar. 8, 2007) (citing *Nunley v. Dep't of Justice*, 425 F.3d 1132, 1139 (8th Cir. 2005)). *See also United States v. Robinson*, 78 F.3d 172, 175 n.1 (5th Cir. 1996) (suggesting that due process may be satisfied by sending notice to attorney); *Arredondo v. United States*, 2004 WL 1171203, at *3 (N.D. Tex. May

25, 2004) (holding that notice of administrative forfeiture sent to counsel for defendant satisfied the requirements of due process).

### II. Plaintiff is not entitled to return of the computers and office files because those items are contraband or are still needed as evidence.

"If the United States has a need for the property in an investigation or prosecution, its retention of the property is generally reasonable." Fed. R. Crim. P. 41 advisory committee's note. Moreover, a Rule 41(g) motion should be denied if the "'property is contraband or subject to forfeiture or the Government's need for the property as evidence continues.'" *United States v. Marks*, 2018 WL 437574, at *8 (S.D. Tex. Jan. 16, 2018) (quoting *Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008)). *See also United States v. Alford*, 2020 WL 1190425, at *1 (11th Cir. Mar. 12, 2020) (per curiam); *United States v. Johnson*, 683 F. App'x 241, 248 (4th Cir. 2017) (per curiam) *United States v. Pierre*, 484 F.3d 75, 87 (1st Cir. 2007); *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991); *Sovereign News Co. v. United States*, 690 F.2d 569, 577 (6th Cir. 1982).

According to the Government, two of Plaintiff's accused co-conspirators in the underlying crime remain active fugitives. Resp. 2. The Government contends that it still needs as evidence "the seized computers and paper files," and that those items, among others, are also contraband because "they contain personal identifying information of the . . . victims" of the underlying crime. *Id.* at 3. The Court agrees. According to Plaintiff's factual resume, which he agreed to and signed on April 7, 2016, Plaintiff and his co-conspirators filed false individual tax

returns with the IRS using stolen personal identifying information and had the fraudulent returns deposited on prepaid, loadable debit cards, primarily Green Dot cards. App. 032. Plaintiff and his co-conspirators would then use the debit cards to obtain money orders from retailers and deposit the money into bank accounts of sham businesses. *Id.* It is unclear from Plaintiff's Motion what specific items from the office files he seeks to have returned. However, among the items that the Government contends constitute contraband or needed evidence are: (1) "Tax Slayer folder" and "Tax Slayer password"; (2) "Money Gram receipts, TMO prepaid Visa receipt"; (3) "Green Dot Master Card"; (4) "address book, deposit slips, receipts, account passwords"; (5) "printouts with names, social security numbers and dates of birth"; (6) "papers with names and dates of birth, electronic key, social security numbers"; and (7) various computers and cell phones, including an Apple computer, an Apple laptop, and an iPad. App. 041-42. Given the nature of the underlying crime and the general nature of the items the Government is withholding, the Court concludes the computers and the office files—excluding any of the personal items they may contain—are contraband or contain still-needed evidence, and Plaintiff is not entitled to their return.

### III. Plaintiff is unable to accept return of the personal items and the printers at this time.

Finally, Plaintiff's Motion should be denied as to the personal items— including his wallet, credit cards, passports, driver's license, travel documents, and $400.00 in Nigerian currency—and the printers because the Government has

6

already offered to return them to Plaintiff, pending instructions from Plaintiff as to whom to give them. Resp. 5; App. 040. Plaintiff is unable to accept the personal items and the printers himself at this time because he is incarcerated. However, if he fails to inform the Government to whom it may return the personal items and the printers, those items will be returned to Plaintiff upon his release. App. 040.

## Recommendation

For the foregoing reasons, Plaintiff's Motion (ECF No. 4) should be DENIED.

SIGNED March 24, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).